**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNIVERSITY OF SOUTH FLORIDA**
**RESEARCH FOUNDATION, INC.**

      **Plaintiff,**

                                                **Case No.**

**vs.**

                                                **JURY TRIAL DEMANDED**

**AYCAN MEDICAL SYSTEMS, LLC**

      **Defendant.**

_____/

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, University of South Florida Research Foundation ("USFRF" or "Plaintiff") by its undersigned counsel, for its complaint against Defendant Aycan Medical Systems, LLC ("Aycan" or "Defendant"):

**NATURE OF ACTION**

1. This is an action by Plaintiff for infringement of United States Patent No. 6,630,937, a copy of which is attached to this Complaint as **Exhibit A.** Plaintiff seeks both an injunction and damages for violation of the United States Patent Laws, Title 35 of the United States Code.

**THE PARTIES**

2. Plaintiff USFRF is a corporation not for profit under Chapter 617 Florida Statutes, and a direct support organization of the University of South Florida pursuant to

Section 1004.28 Florida statutes.  USFRF has its principal place of business at 3802 Spectrum Boulevard, #100, Tampa, Florida  33612.

3. Defendant Aycan Medical Systems, LLC is a corporation incorporated in the State of New York and with a place of business at 693 East Avenue, Rochester, NY  14607.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper within this district under 28 U.S.C §§ 1391(b), 1391(c), and 1400(b).

## THE TECHNOLOGY

6. The subject patent infringement litigation is directed to unique interface systems between medical images, such as digital mammograms, and a doctor or medical technician.  The image data is comprised of different values or forms and is electronically displayed on computerized workstation monitors in various forms and locations with the operator being able to control the grayscale values and the illumination state thereof for optimum viewing and diagnosis.  Illustrative images of embodiments of the invention are shown by the following:



FIG. 4

## THE ASSERTED PATENT

7. On February 22, 2002, the inventors who were conducting research at the University of South Florida campus filed a patent application on an invention entitled "Workstation Interface for Use in Digital Mammography and Associated Methods." That application was related to, and claimed priority from, one or more earlier applications. The application was duly examined on the merits by the United States Patent Office and the '937 patent in suit was lawfully issued on October 7, 2003, with 17 claims. See **Exhibit** A.

8. The inventors of the '937 patent assigned their rights to the University of South Florida in Tampa, Florida. The University of South Florida in turn assigned their rights to the '937 patent to the Plaintiff in this lawsuit, namely the University of South Florida

Research Foundation, Inc. ("USFRF"). USFRF is currently the owner of the entire right, title and interest in United States Patent No. 6,630,937.

9. The '937 patent is valid and subsisting.

## THE ACCUSED SYSTEMS

10. Defendant Aycan manufactures, or has manufactured, and sells or offers for sale, picture archiving and communication system ("PACS") products, which include digital displays and workstations for medical installations. The products provide interfaces between a medical image and a user incorporating electronic communications, access, and reception of stored digitized medical images, reflecting of a plurality of grayscale values. The product software enables display and control over the grayscale rendition and illumination state of medical images of varying resolution in different spatial configurations. Representative products are called Aycan Workflow and Aycan Workstations by Defendant.

11. Defendant Aycan also manufactures, or has manufactured, and sells or offers for sale, digital displays and workstation systems for medical installations which provide interfaces between digital mammography images and users. These products incorporate electronic communications, access and reception of stored digitized mammography images, reflecting a plurality of grayscale values. These products enable display and control over the grayscale rendition and illumination state of the mammographic images of varying resolution in different spatial configurations. These products are included in Defendant's line of products, such as Aycan Workstations and Aycan Mammography Workstations.

12. Copies of Defendant's marketing literature and website activities which present and display illustrative examples of the accused products and systems set forth in Paragraphs 10 and 11 are attached hereto as **Exhibit B**.

13. Internet descriptions of Defendant's accused products are found, for example, at the following:

www.aycan.com

www.aycan.com/products.html

www.aycan.com/applications/mammography.html

ww.aycan.com/products/aycan-workstation.html

14. Defendant's sales offices and representatives sell and/or offer for sale, one or more of the accused systems set forth above in Florida and this jurisdiction.

## COUNT I: INFRINGEMENT OF CLAIMS 1 AND 13-15 OF U.S. PATENT NO. 6,630,937

15. Plaintiff restates the allegations set forth in the paragraphs 1 through 14 above as if fully set forth herein.

16. Claim 1 of U.S. Patent No. 6,630,937 is an independent claim and calls for a "system for providing an interface between a digitized mammogram and a user." That description corresponds to Defendant's products set forth in Paragraph 11 and related documents in Exhibit B.

17. Claim 1 also calls for a processor for electronically communicating with a user and display monitor, and for receiving digitized mammogram data having grayscale

values corresponding to densities of the mammogram image. That description corresponds to Defendant's products set forth in Paragraph 11 and related documents in Exhibit B.

18. Claim 1 further calls for electronically implementable means in the processor for transforming the digitized data into forms having different grayscale values and for displaying those forms on a monitor. That description corresponds to Defendant's products set forth in Paragraph 11 and related documents in Exhibit B.

19. In addition, claim 1 calls for means for receiving control instructions from the user for changing and controlling the illumination state of the displayed forms. That description corresponds to Defendant's products set forth in Paragraph 11 and related documents in Exhibit B.

20. Claims 13-15 are dependent upon claim 1 and further call for adjusting the grayscale forms in real time, adjusting the grayscale values of all of the displayed forms, and transmitting the images for processing and displaying them. That description corresponds to Defendant's products set forth in Paragraph 11 and related documents in Exhibit B.

21. The products and systems of Defendant which meet the terms of claims 1 and 13-15, as set forth above, are not licensed or authorized by Plaintiff and thus infringe claims 1 and 13-15 of the '937 patent.

22. Defendant's infringement of claims 1 and 13-15 will continue unless enjoined by the Court.

23. Defendant's infringement of claims 1 and 13-15 damages the rights of the Plaintiff and should be compensated therefor under the Patent Act, Title 35, U.S.C. §284.

## COUNT II: INFRINGEMENT OF CLAIM 2
## OF U.S. PATENT NO. 6,630,937

24. Plaintiff restates the allegations of paragraphs 1 through 23 above as if fully set forth herein.

25. Claim 2 of U.S. Patent No. 6,630,937 calls for "a system for interfacing a digitized mammogram to a user." That description corresponds to Defendant's products set forth in Paragraph 11 and related documents in Exhibit B.

26. Claim 2 also calls for a monitor for illuminating and displaying image data in a predetermined format and in varying grayscale colors, an electronic storage medium with digitized mammogram image data with grayscale values corresponding to the densities of the film mammogram image and a processor in communication with the monitor, and an input device in communication with the processor. That description corresponds to Defendant's products set forth in Paragraph 11 and related documents in Exhibit B.

27. Claim 2 also calls for the processor to receive signals from the input device and to transfer digitized image data to the monitor, the monitor having a plurality of windows for display of mammogram images with grayscale values and predetermined illumination states, and for the processor to receive operator input selectively controlling the illumination of the mammogram images. That description corresponds to Defendant's products set forth in Paragraph 11 and related documents in Exhibit B.

28. The products and systems of Defendant which meet the terms of claim 2, as set forth above, are not licensed or authorized by Plaintiff and thus infringe claim 2 of the '937 patent.

29. Defendant's infringement of claim 2 will continue unless enjoined by the Court.

30. Defendant's infringement of claim 2 damages the rights of the Plaintiff and should be compensated therefor under the Patent Act, Title 35, U.S.C. §284.

### COUNT III: INFRINGEMENT OF CLAIMS 3, 6, 8, 9 AND 10 OF U.S. PATENT NO. 6,630,937

31. Plaintiff restates the allegations of paragraphs 1 through 30 above as if fully set forth herein.

32. Claim 3 of U.S. Patent No. 6,630,937 is an independent claim and calls for "a system for providing an interface between a medical image and a user." That description corresponds to Defendant's products set forth above in Paragraphs 10 and 11, and as shown and described in the documents in Exhibit B.

33. Claim 3 also calls for a means for establishing electronic communications with a processor for receiving stored digitized medical images with a plurality of grayscale values, means for communicating with a display means (i.e. a monitor), software means in the processor for receiving signals from a user-operated device, for transforming the image into a plurality of vary-resolution forms with different grayscale values, and for displaying the forms in different sections of the display. That description corresponds to Defendant's products set forth above in Paragraphs 10 and 11, and as shown and described in the documents in Exhibit B.

34. Claims 6, 8, 9 and 10 are dependent upon claim 3 and further call for various features in addition to those described above with respect to claim 3. In particular, claim 6

calls for the medical images to be mammographic images, claim 8 calls for the use of a menu for displaying the display configurations, claim 9 calls for means for generating zoom windows, and claim 10 calls for the zoom windows to be controlled by a user-operable control device. Some or all of the products and systems set forth above in Paragraph 10 and 11, and as shown in Exhibit B, either currently do meet, or are capable of meeting, the descriptions in these claims. It is also possible that Defendants accused products infringe other claims of the '937 patent which will be explored during discovery in this case.

35. The products and systems of Defendant which meet the terms of claims 3, 6, 8, 9 and 10, as set forth above, are not licensed or authorized by Plaintiff and thus infringe claims 3, 6, 8, 9 and 10 of the '937 patent.

36. Defendant's infringement of claims 3, 6, 8, 9 and 10 will continue unless enjoined by the Court.

37. Defendant's infringement of claims 3, 6, 8, 9 and 10 damages the rights of the Plaintiff and should be compensated therefor under the Patent Act, Title 35, U.S.C. §284.

### COUNT IV: INFRINGEMENT OF CLAIM 17 OF U.S. PATENT NO. 6,630,937

38. Plaintiff restates the allegations of paragraphs 1 through 37 above as if fully set forth herein.

39. Claim 17 is an independent claim and calls for "a system for analyzing a set of digitized mammography images, the set comprising a plurality of views from a unitary patent." That description corresponds to Defendant's products set forth in Paragraph 11, and as shown and described in related documents in Exhibit B.

9

40. Claim 17 also calls for the system to have two display members (monitors), a processor communicating with an image storage device and having software, the software able to receive signals from user-operable devices, allow control and transfer of images into a plurality of forms by a user-operable device, and display a first form on one monitor and a second form on the other monitor. That description corresponds to Defendant's products set forth in Paragraph 11, and as shown and described in related documents in Exhibit B.

41. The products and systems of Defendant which meet the terms of claim 17, as set forth above, are not licensed or authorized by Plaintiff and thus infringe claim 17 of the '937 patent.

42. Defendant's infringement of claim 17 will continue unless enjoined by the Court.

43. Defendant's infringement of claim 17 damages the rights of the Plaintiff and should be compensated therefor under the Patent Act, Title 35, U.S.C. §284.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff USFRF demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff USFRF, respectfully prays for relief as follows:

(a) A preliminary, and thereafter permanent, injunction enjoining Defendant Aycan Medical Systems, LLC, and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of

infringement, including any contributory infringement or inducement of infringement of U.S. Patent;

      (b)    A judgment that Defendant Aycan has infringed one or more claims of U.S. Patent No. 6,630,937;

      (c)    A judgment awarding Plaintiff all damages adequate to compensate for Defendant Aycan's infringement of U.S. Patent No. 6,630,937, and in no event less than a reasonable royalty for Defendant Aycan's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

      (d)    A judgment that Defendant Aycan's acts render this an exceptional case entitling Plaintiff to an award of its attorneys' fees incurred in prosecuting this action, together with interest, pursuant to 35 U.S.C. § 285;

      (e)    A judgment that Plaintiff is entitled to an award of its costs and fees incurred in prosecuting this action, together with interest; and

      (f)    Such other and further relief as the Court shall deem just and proper.

Dated:  November 3, 2016                      Respectfully Submitted,

**s/ GREGORY A. HEARING**
Gregory A. Hearing
Florida Bar No:  817790
201 N. Franklin Street, Suite 1600
Tampa, FL 33602
(813) 273-0050
(813) 273-0072 - Fax
ghearing@tsghlaw.com

*LOCAL COUNSEL FOR PLAINTIFF*

John A. Artz
Michigan Bar No. P24679
Franklin M. Smith
Michigan Bar No. P76987
DICKINSON WRIGHT PLLC
2600 W. Big Beaver Rd., Suite 300
Troy, Michigan 48084
(248) 433-7200
(248) 433-7274 - Fax
jartzsr@dickinsonwright.com
fsmith@dickinsonwright.com

John K. Harrop
Virginia Bar No. 38548
P.O. Box 320171
Alexandria, VA 22320
(202) 230-6480
harrop@vapatent.com

*LEAD COUNSEL FOR PLAINTIFF*
*(MOTION FOR PRO HAC ADMISSION*
*PENDING)*